THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANNALISIA HOPE,<br><br>Plaintiff(s),<br><br>v.<br><br>TRACEY GLOVER, DARREN COLEMAN, NICHOLAS BERRY, TED BARNARD, and DATHEN CHAMBERLAN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT NICHOLAS BERRY [BERRIE]'S MOTION TO DISMISS**<br><br>Case No. 4:20-cv-00082<br><br>District Judge David Nuffer |

Defendant Nicholas Berrie[1] moves to dismiss Plaintiff Annalisia Hope's complaint in its entirety arguing that Plaintiff's Complaint fails to plead sufficient facts to give Defendant Berrie fair notice of the claims against him ("Defendant's Motion").[2] Defendant Berrie further argues that he is entitled to qualified immunity on the claims raised in Plaintiff Complaint.[3] Plaintiff did not file a response to Defendant's Motion.[4]

Defendant Berrie's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff Hope alleges the following facts against Defendant Berrie:

> This officer pulled me over and began to search the vehicle, no reason to pull me over. He then told me to step out of the vehicle and put me up against his car. He began a pat down on me to make sure I [sic] no weapons and drugs without another officer present and no female cop. He then grabbed my thigh and my

1 Plaintiff mistakenly identifies Defendant Berrie as Nicholas "Berry."

2 Motion to Dismiss, docket no. 27, filed December 17, 2020.

3 Id.

4 Docket Text Order, docket no. 33, filed July 13, 2021.

> waist, and then grab [sic] my chest. He was putting his hands all over me and using his hand to kind of brush me. He then let me go.[5]

In the "supporting facts" section she alleges further: "Not doing proper pat down, and stopping without probable cause."[6] Plaintiff's Complaint is silent as to the context of the stop and provides no information on when or where the alleged incident took place.

## STANDARD OF REVIEW -- MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides that the Court may dismiss any claim that "fail[s] to state a claim upon which relief can be granted." A court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff.[7] Conclusory pleadings, however, "are not entitled to the assumption of truth" and conclusory allegations without supporting factual averments need not be accepted.[8] "Determining whether a complaint contains well-pleaded facts sufficient to state a claim is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"[9] "The court must determine whether the plaintiff has pleaded 'enough facts to state a claim to relief that is plausible on its face,' not just 'conceivable.'"[10] A complaint must give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests," and it must "raise a right to relief above the speculative level . . .."[11]

---

[5] Plaintiff's Complaint, pp 3, 8, docket no. 3, filed July 31, 2020. For the purposes of clarity, all references to Plaintiff's Complaint are to the page numbers assigned by the Court's Case Management/Electronic Case Files system (CM/ECF).

[6] *Id.* at p. 5.

[7] *Warnick v. Cooley*, 895 F.3d 746, 750 (10th Cir. 2018).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[9] *Warnick,* 895 F.3d. at 751 (quoting *Iqbal*, 556 U.S. at 679).

[10] *Id.* (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[11] *Twombly*, 550 U.S. at 555(quotations and citation omitted) (alteration in original).

The specificity required in a complaint depends on the context of the case.[12] In *Robbins*, the Tenth Circuit stated the context of a § 1983 claim subject to qualified immunity requires all the particularity requirements of *Twombly*.[13] This particularly is necessary because "[q]ualified immunity exists 'to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government[,]'" and because qualified immunity should be addressed "at the earliest possible stage of a litigation."[14] Also, "§ 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility . . .."[15] In the context of these § 1983 claims, the plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made."[16]

## DISCUSSION

### Plaintiff Has Failed to Meet the Pleading Requirements of Rule 8

Federal R. Civ. P. 8(a) sets forth the general rules of pleading and states that a claim for relief must set forth the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

---

[12] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[13] *Id.*

[14] *Id.* at 1248–49 (quoting *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987)).

[15] *Id.* at 1249.

[16] *Id.*

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

To comply with Rule 8, a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[17]

The allegations in Ms. Hope's Complaint do not satisfy the most basic requirements of Rule 8.[18] The allegations do not include a date, time, location, or any other information that would show when the alleged traffic stop occurred. Without this information, Defendant Berrie cannot know what events give rise to the claim. It is impossible for Defendant Berrie to raise appropriate defenses to these claims, including possible statute of limitations defenses. Further, the complaint does not specify which of Trooper Berrie's actions were unlawful. The Complaint thus fails to provide Trooper Berrie with fair notice of the claims against him and must be dismissed.

<u>Defendant Berrie is Entitled to Qualified Immunity</u>

"The qualified-immunity doctrine protects public employees from both liability and "from the burdens of litigation" arising from their exercise of discretion."[19] Two elements exist in the qualified immunity analysis—first, whether, under the facts alleged, the government officials violated a constitutional right, and second, whether the right at issue was "clearly

---

[17] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.,* 492 F.3d 1158, 1163 (10th Cir. 2007)

[18] Plaintiff appears *pro se* in this lawsuit. Pro se pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This rule of liberal construction, however, "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan Cty*., 32 F.3d 452, 455 (10th Cir. 1994.)

[19] *Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir.), cert. denied sub nom. *Cummings v. Bussey*, 140 S. Ct. 81, 205 L. Ed. 2d 27 (2019).

established" at the time of the defendant's alleged misconduct.[20] If the plaintiff fails to satisfy any part of the qualified immunity inquiry, "the court must grant the defendant qualified immunity."[21]

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'"[22] "A plaintiff may satisfy this clearly-established-law standard by identifying an on-point Supreme Court or published Tenth Circuit decision that establishes the unlawfulness of the defendant's conduct; alternatively, the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."[23] The Supreme Court has repeatedly held that courts should not "define clearly established law at a high level of generality."[24] Rather, the dispositive question is "whether the violative nature of *particular* conduct is clearly established."[25] The rule must be defined with a "high degree of specificity" so that it is clear to a reasonable government official that his conduct would be unlawful in that particular situation.[26] The body of case law should put the unlawfulness of the conduct "beyond debate."[27]

---

[20] *D.C. v. Wesby,* 138 S. Ct. 577, 589 (2018).

[21] *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001).

[22] *Cummings*, 913 F.3d at 1239 (quoting *Mullenix v. Luna*, 577 U.S. 7, 136 S.Ct. 305, 308 (2015)).

[23] *Id.* (Internal quotation marks omitted).

[24] *Mullenix* 136 S. Ct. 305, 308.

[25] *Id.*

[26] *Wesby*, 138 S. Ct. at 590 (2018).

[27] *White v. Pauly*, 137 S. Ct. 548, 551 (2017).

Plaintiff Has Failed To Plead A Constitutional Rights Violation

The plain narrative of Ms. Hope's Complaint states that Defendant Berrie did two things: First, Defendant Berrie conducted a traffic stop on her vehicle. Second, Defendant Berrie frisked her for weapons and drugs. Ms. Hope also complains that there was no female law enforcement officer present during the frisk. Ms. Hope's articulation of these facts is insufficient to establish a plausible claim that Defendant Berrie violated her constitutional rights.

*The Traffic Stop*

Police can stop a vehicle any time there is reasonable suspicion of criminal activity,[28] or when "the police have probable cause to believe that a traffic violation has occurred."[29]

Ms. Hope has failed to plead sufficient facts to state a plausible claim that the traffic stop of her vehicle violated the Fourth Amendment. While Ms. Hope did state the stop was for "no reason," this is a legal conclusion and not a well-pleaded fact.[30] Ms. Hope pleads no facts from which the Court can infer that the stop was indeed unlawful. Rather, she simply levels an "unadorned, the-defendant harmed me accusation" which is insufficient to establish a plausible claim.[31] Absent factual support, Ms. Hope's claims that the alleged traffic stop violated her constitutional rights must be dismissed.

---

28 *United States v. Sharpe*, 470 U.S. 675, 688 (1985).

29 *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Hunnicutt*, 135 F.3d 1345, 1348 (10th Cir.1998) ("An initial traffic stop is valid under the Fourth Amendment . . . if the officer has a reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring.") (quoting *United States v. Botero–Ospina*, 71 F.3d 783, 787 (10th Cir.1995)).

30 *See Embriz v. Eighth Dist. Elec. Pension Fund*, 559 F. App'x 768, 769 (10th Cir. 2014) ("In analyzing the sufficiency of a pro se complaint, we 'accept as true only the plaintiff's well-pleaded factual contentions, not his [or her] conclusory allegations.'") (quoting *Hall*, 935 F.2d at 1110.

31 *Iqbal*, 556 U.S. at 678.

*The Terry Frisk*

When a police officer pulls a vehicle over, the officer can ask the driver and passengers to step out of the car for no reason whatsoever.[32] When a police officer suspects a person might have weapons, they can perform a *Terry* frisk to check that person for weapons.[33]

Ms. Hope's Complaint admits that Defendant Berrie patted her down to make sure she didn't have weapons. While the complaint also alleges the pat-down was to make sure Ms. Hope did not have drugs, finding drugs incidental to a lawful pat-down is permissible if the officer does not manipulate items that are known to not be a weapon.[34] There are no facts that suggest Defendant Berrie exceeded the scope of the *Terry* search by looking for drugs.

Regarding the frisk, Ms. Hope alleges that Defendant Berrie "grabbed my thigh and my waist, and then grab my chest. He was putting his hands all over me and using his hand to kind of brush me. He then let me go." This is consistent with a permissible *Terry* search. In *Terry*, the court suggested that the search includes "a careful exploration of the outer surfaces of a person's clothing all over his or her body . . . ."[35] The description of Defendant Berrie using his hands to brush all over Ms. Hope is consistent with a permissible frisk and again does not show a plausible claim that Defendant Berrie violated Ms. Hope's clearly establish rights.[36]

---

32 *See Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977).

33 *Id.* at 111–12; *see also Terry v. Ohio*, 392 U.S. 1, 30 (1968).

34 *See Minnesota v. Dickerson*, 508 U.S. 366, 378 (1993).

35 *Terry*, 392 U.S. 1, 16 (1968); *see also id.* at 17 n. 3 ("(T)he officer must feel with sensitive fingers every portion of the prisoner's body. A thorough search must be made of the prisoner's arms and armpits, waistline and back, the groin and area about the testicles, and entire surface of the legs down to the feet.") (citation omitted).

36 *See Garcia v. New York State Police Investigator Aguiar*, 138 F. Supp. 2d 298, 304 (N.D.N.Y. 2001) (touching breasts during a pat-down search by a male police officer to a female suspect was not a violation of the Fourth Amendment); *Bradley v. United States*, 299 F.3d 197 (3d Cir. 2002) (upholding a pat-down search where the plaintiff alleged a customs inspector inappropriately touched her genitals through her dress during a pat-down search).

Plaintiff also suggests that it was improper for Defendant Berrie to search her without another officer present. However, Defendant Berrie was not required to wait for another officer before conducting a *Terry* search.[37] Requiring a police officer to wait for another officer to show up before conducting a *Terry* search would be contrary to the point of *Terry* searches, which is to protect officer safety. Ms. Hope's claims regarding the *Terry* frisk must be dismissed.

*Presence of a Female Officer*

Finally, Ms. Hope suggests that Defendant Berrie violated her rights because no female officer was present during the frisk. While the Tenth Circuit does not appear to have addressed the legality of a pat down performed by a person of a different gender than the suspect, courts that have addressed it have concluded there is no such right.[38] Because Ms. Hope has failed to plead facts showing a plausible constitutional violation this claim must be dismissed.

---

[37] *See e.g.*, *Terry*, 392 U.S. at 7 (involving an officer who conducted *Terry* searches with no other officer present).

[38] *See Stokes v. City of New York*, No. 05-CV-007-JFB-MDG, 2007 WL 1300983, at *12 n.9 (E.D.N.Y. May 3, 2007) (citing unanimous authority on the issue). "To find otherwise would require every police car to carry two officers, one male and one female, so that [arrestees] would be searched by officers of the same sex." Martin v. Swift, 781 F. Supp. 1250, 1254 (E.D. Mich. 1992). *See also Givings v. Ackerman*, No. CIV-17-001-R, 2018 WL 4183220, at *4 (W.D. Okla. Aug. 31, 2018) (Plaintiff was not entitled to have Defendant [ ]heed her request to have a female officer pat her down incident to her arrest"); *Garcia v. New York State Police Investigator Aguiar*, 138 F. Supp. 2d 298, 304 (N.D.N.Y. 2001) ("While we may all prefer to be searched by . . . the gender of our choice . . . officers, whether male or female, have a job to perform to and, provided they act appropriately and professionally, their actions in searching an individual . . . of the opposite gender does not constitute a Constitutional transgression.").

**ORDER**

For the above reasons, IT IS HEREBY ORDERED that Defendant Berrie's Motion to Dismiss[39] is **GRANTED**. Plaintiff's Claims against Defendant Berrie are **DISMISSED** without prejudice.

Dated July 29, 2021.

BY THE COURT:

David Nuffer
United States District Judge

[39] Docket no. 27, filed December 17, 2020.