THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANNALISIA HOPE,<br><br>                  Plaintiff,<br><br>v.<br><br>TRACEY GLOVER, DARREN COLEMAN, NICHOLAS BERRY, TED BARNARD, and DATHEN CHAMBERLAN,<br><br>                  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING KANE COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**[1]<br><br>Civil No.: 4:20-cv-00082-DN-PK<br><br>Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

The Motion for Judgment on the Pleadings filed by Kane County Defendants, Sheriff Tracy Glover, Sergeant Ted Barnard, and Detective Dathan Chamberlain ("County Defendants") seeks to dismiss all of Plaintiff Annalisia Hope's ("Ms. Hope's") claims against them. All three County Defendants have raised the defense of qualified immunity. For the reasons below, the County Defendants' Motion for Judgment on the Pleadings is **GRANTED**, and the Complaint is **DISMISSED** in its entirety as to the claims against them.

## BACKGROUND

The factual allegations in the Complaint against the three County Defendants include only a couple of sentences. The allegations also appear to be about unrelated events. Ms Hope alleges that Sheriff Glover violated her constitutional rights by discriminating against her.[2] She alleges that Sergeant Ted Barnard violated her constitutional rights when he "watched [her] pee

---

[1] Dkt. No. 28, filed January 20, 2021.
[2] Pl.'s Compl. ¶ A.3, p. 2 of 10 (Dkt. No. 3, filed July 31, 2021).

[and when he] talked to other inmates sexually."[3] And she alleges that Detective Dathan Chamberlain violated her constitutional rights by failing to investigate her claim that someone raped her.[4]

In response to the Complaint, County Defendants filed a Motion for Judgment on the Pleadings on January 20, 2021. Ms. Hope, however, never responded to the motion. On February 16, 2021, County Defendants provided notice to the Court that the motion was ripe for a decision. As of the date of this order, Ms. Hope has yet to file any response to County Defendants' Motion for Judgment on the Pleadings.

## STANDARD OF REVIEW

Rule 12(c) specifically provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[5] A motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss.[6] This standard requires a plaintiff to allege enough facts, "taken as true, to state a claim to relief that is plausible on its face."[7] A plaintiff must "offer specific factual allegations to support each claim."[8] While the Court must "accept as true all of the allegations contained in a complaint," this requirement is "inapplicable to legal conclusions."[9] The determination of plausibility will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10] Therefore, "in ruling on a motion to dismiss, a court should disregard all

---

[3] *Id.* at ¶ A.6, p. 3 of 10.
[4] Pl.'s Compl. at p. 5 of 10.
[5] Fed. R. Civ. P. 12(c).
[6] *Leiser v. Moore*, 903 F.3d 1137, 1139 (10th Cir. 2018) (citation omitted).
[7] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).
[8] *Id.*
[9] *Id.* (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal quotation marks omitted).

conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[11]

## DISCUSSION

I. **First Cause of Action against Kane County Sheriff Tracy Glover- 42 U.S.C. § 1983**

Ms. Hope claims that Sheriff Glover violated her Fourth, Eighth, and Fourteenth Amendment rights. But regardless of the specific constitutional provisions listed in the Complaint, the only allegation against Sheriff Glover is the conclusory allegation that Sheriff Glover discriminated against her and harassed her. There are no factual allegations in the Complaint to support her conclusions. Thus, Ms. Hope's cause of action against Sheriff Glover is **DISMISSED**.

II. **Cause of Action against Kane County Sergeant Ted Barnard - 42 U.S.C. § 1983**

Ms Hope claims that Sergeant Barnard violated her constitutional rights when he "watched [her] pee [and when he] talked to other inmates sexually."[12] Neither incident, based on the facts alleged in the Complaint, rises to the level of a clearly established constitutional violation.

### A. The Bathroom Incident

Inmates retain "a limited constitutional right to bodily privacy."[13] But context matters. To assess the constitutionality of a prison practice, the "frequency with which the prison guards watch inmates of the opposite sex undressing, using the toilet facilities and showering" is an

---

[11] *Id.*
[12] Pl.'s Compl. ¶A.6, p. 3 of 10.
[13] *Moore v. Atherton*, 28 F. App'x 803, 806 (10th Cir. 2001) (unpublished) (citing *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir.1995)).

important factor.[14] Courts also look to whether the prison practice is "reasonably related to a legitimate penological interest."[15]

In *Moore v. Atherton*, the Tenth Circuit addressed whether a prison guard of the opposite sex violated an inmate's constitutional rights when the guard was "allowed to see [the inmate] in his cell while he [used] the toilet."[16] But this allegation alone did not state a claim for relief. Infrequent viewing of an inmate of the opposite sex using the toilet does not violate the Constitution.[17]

The Complaint provides almost no context for the incident. Ms Hope alleges Sergeant Barnard watched her use the toilet, but she does not describe how far away Sergeant Barnard was; whether he had a direct view of her; whether he said anything to her during the incident; or whether he was watching her as part of a drug test. But most importantly, she only describes a single incident. Ms Hope's allegation that Sergeant Barnard watched her going to the bathroom one time does not show the level of invasiveness required for a constitutional violation. Thus, Sergeant Barnard did not violate any of Ms Hope's clearly established constitutional rights, and he is entitled to qualified immunity.

---

[14] *Id; See also Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982).
[15] *Farmer v. Perrill*, 288 F.3d 1254, 1260 (10th Cir. 2002).
[16] *Moore v. Atherton*, 28 F. App'x 803, 806 (10th Cir. 2001) (unpublished).
[17] *Id*.; See also *Thompson v. Wyandotte Cty. Det.*, 869 F. Supp. 893, 895 (D. Kan. 1994)(citing *Cumbey v. Meachum*, 684 F.2d 712 (10th Cir.1982))(an "inmate's privacy rights may be violated only when guards of the opposite sex regularly view them while undressing, using toilet facilities, or while showering")(emphasis in original); *Conkleton v. Zavaras*, 2009 WL 6047205, at *12 (D. Colo. Oct. 1, 2009), report and recommendation adopted in part, rejected in part, 2010 WL 936069 (D. Colo. Mar. 15, 2010)(a guard of the opposite sex viewing an inmate using the toilet about once every three to seven weeks did not rise to the level of a constitutional violation).

B. **Comments to other Inmates**

Ms Hope also alleges that Sergeant Barnard "talked sexually" with *other* inmates.[18] This allegation does not support a claim for relief for two reasons.[19] First, verbal sexual harassment rarely violates an inmate's constitutional rights.[20] However, under certain circumstances sexual harassment may rise to the level of a constitutional violation. But those circumstances exist only when a defendant inflicts the "unnecessary and wanton infliction of pain" that the Eighth Amendment forbids.[21] The allegations in the Complaint do not meet that standard. Ms Hope does not provide any details about what was said; how the comments harmed her; or if she even heard the comments. Thus, Sergeant Barnard did not violate Ms Hope's constitutional rights by talking with other inmates, and he is entitled to qualified immunity.

Ms Hope also lacks standing to bring such a claim regardless of which constitutional provision she cites in her Complaint. To satisfy the standing requirement, a plaintiff must show that she suffered an injury related to the conduct she is challenging. *See Nat'l Counsel for Improved Health v. Shalala*, 122 F.3d 878, 882 (10th Cir. 1997)(stating that a plaintiff cannot "raise the rights of others who are not before the court."). This ensures the plaintiff has a

---

[18] Pl.'s Compl. ¶A.6, p. 3 of 10.
[19] *Joseph v. U.S. Fed. Bureau of Prisons*, 232 F.3d 901 (10th Cir. 2000)(unpublished).
[20] *See Barney v. Pulsipher*, 143 F.3d 1299, 1311, 1313 n. 11 (10th Cir. 1998)("Although [plaintiffs alleged] severe verbal sexual harassment and intimidation, these acts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment."); *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995)(verbal sexual harassment toward inmate was not a constitutional violation); *See also Struble v. Haynes*, 202 F.3d 283 (10th Cir. 1999)(unpublished)("Harsh, even threatening language does not amount to a constitutional violation."); *See also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("Although prisoners have a right to be free from sexual abuse, ... the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.")
[21] *Joseph v. U.S. Fed. Bureau of Prisons*, 232 F.3d 901 (10th Cir. 2000)(unpublished).

"personal stake in the outcome of the controversy." *Protocols, LLC v. Leavitt*, 549 F.3d 1294, 1298 (10th Cir. 2008).

Ms Hope does not allege any facts that show she was personally injured by the alleged comments to other inmates. She never alleges that she was part of the conversations or that she was even present during the conversations. Thus, Ms Hope has failed to allege facts showing that she has standing to bring a claim related to Sergeant Barnard's alleged conversations with other inmates. Accordingly, Ms Hope's cause of action against Sergeant Barnard is **DISMISSED**.

**III.** <u>**Cause of Action against Kane County Detective Ted Chamberlain - 42 U.S.C. § 1983**</u>

Ms Hope alleges Detective Chamberlain violated her constitutional rights by failing to investigate her claim that someone raped her.[22] Although Plaintiff only mentions the Fourth Amendment in her claim against Detective Chamberlain, courts typically analyze a claim alleging a failure to investigate or prosecute a crime under the due process clause of the Fourteenth Amendment.[23] In general, state actors are only liable under the Fourteenth Amendment's due process clause for their own affirmative acts.[24] And a state actor's "failure to investigate or prosecute an offense does not give rise to Section 1983 liability."[25] Thus, Ms Hope's claim that Detective Chamberlain failed to take action to "help [her] against a rape case"

---

[22] Pl.'s Compl. at p. 5 of 10.
[23] Pl.'s Compl. ¶F., p. 10 of 10.
[24] *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989).
[25] *Webb v. Kier Prop. Mgmt. & Real Est.*, No. 16-CV-00001 DS BCW, 2016 WL 5107012, at *3 (D. Utah May 19, 2016); *See also Webb v. Caldwell*, No. 16–4142, 664 Fed.Appx. 695, 695–96, 2016 WL 6211802 at *1 (10th Cir. Oct. 25, 2016) (affirming dismissal of suit based on the failure of various government officials to take action against a person who threatened the plaintiff); *Rolen v. City of Brownfield*, Texas, 182 Fex. App'x 362, 364 (5th Cir. 2006) (no Section 1983 liability for failing to investigate or prosecute an offense); *Marran v. Marran*, 376 F.3d 143, 156, n.4 (3d Cir. 2004) (county's alleged failure to investigate claimed abuse fails to state a Section 1983 claim)(dicta).

does not state a claim for relief, and Ms Hope's cause of action against Detective Chamberlain is **DISMISSED**.

    IV.    **Ms Hope Failed to Meet her Burden to show a Violation of Clearly Established Law**

All of Ms Hope's Section 1983 claims against the County Defendants should also be dismissed because she failed to show that the rights at issue were "clearly established" at the time of the alleged misconduct.[26] All three County Defendants raised the defense of qualified immunity. Once raised, the qualified immunity defense creates a rebuttable presumption that the defendant is entitled to immunity.[27] To rebut this presumption, the plaintiff bears the burden of directing the Court to case law establishing the right.[28] The body of case law cited by the plaintiff should put the alleged unlawfulness of the conduct "beyond debate." *White v. Pauly,* 137 S. Ct. 548, 551 (2017). Because Ms Hope failed to respond to the Motion for Judgment on the Pleadings that the County Defendants filed on January 20, 2021, she has failed to carry her burden on the second prong of the qualified immunity analysis. The failure to do so is an additional reason for dismissing her claims against the County Defendants. Thus, all of Ms Hope's claims against the County Defendants are **DISMISSED**.

---

[26] D.*C. v. Wesby,* 138 S. Ct. 577, 589 (2018).
[27] *See Medina v. Cram,* 252 F.3d 1124, 1129 (10th Cir. 2001).
[28] *See Archuleta v. Wagner,* 523 F.3d 1278, 1283 (10th Cir. 2008) (internal quotation marks omitted) (a plaintiff must show that a "constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits").

**ORDER**

For the above reasons, IT IS HEREBY ORDERED that the County Defendants' Motion for Judgment on the Pleadings is GRANTED. And the Plaintiff's claims as to County Defendants Sheriff Tracy Glover, Sergeant Ted Barnard, and Detective Dathan Chamberlain are DISMISSED in their entirety, without prejudice.

Dated July 29, 2021.

BY THE COURT:

David Nuffer
United States District Judge