THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANNALISIA HOPE,<br><br>                Plaintiff,<br><br>v.<br><br>TRACEY GLOVER; DARREN COLEMAN; NICHOLAS BERRY; TED BARNARD; and DATHEN CHAMBERLAN,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT DARRIN COLEMAN'S MOTION TO DISMISS**<br><br>Case No. 4:20-cv-00082-DN-PK<br><br>District Judge David Nuffer |

Defendant Darrin Coleman ("Coleman") moves to dismiss Plaintiff Annalisia Hope's claim against Coleman because Plaintiff's complaint fails to state a claim upon which relief can be granted.[1] Coleman argues that Plaintiff neglected to provide the necessary details for Coleman to defend himself against Plaintiff's vague accusations. Coleman asserts that this violates Rule 8 of the Federal Rules of Civil procedure. Plaintiff did not file a response to Coleman's motion. The time for a response has passed.

Defendant Darrin Coleman's Motion to Dismiss is **GRANTED**.

### BACKGROUND

Plaintiff filed a Complaint against five law enforcement employees: three from the Kane County Sheriff department (Sheriff Tracy Glover, Sergeant Ted Barnard, and Detective Dathan Chamberlain); one from the Kanab City police department (Officer Darrin Coleman); and one

---

[1] Dckt. 29, Coleman Motion to Dismiss, filed 02/08/21.

from the Utah Highway Patrol (Trooper Nicholas Berry).[2] Plaintiff makes one "14th Amendment" claim against Officer Coleman, alleging that Coleman violated her Constitutional rights during a traffic stop. Plaintiff does not describe the date, time, or location of the alleged traffic stop.[3] Coleman denies all of Plaintiff's allegations against him.[4]

## STANDARD OF REVIEW – MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[5] According to Rule 8, to state a claim, a plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[6] In other words, "[t]o state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.' "[7] "This pleading requirement serves two purposes: 'to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense,' and 'to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim.' "[8]

---

[2] Dckt. 3, Complaint, filed 07/31/20.
[3] Dckt. 3, Complaint, pg. 6, filed 07/31/20.
[4] Dckt. 26, Coleman Answer, pgs. 2-3, filed 12/07/20.
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[6] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).
[7] *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).
[8] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (quoting *Pace v. Swerdlow,* 519 F.3d 1067, 1076 (10th Cir.2008).

A plaintiff must "offer specific factual allegations to support each claim"[9] and while a court must "accept as true all of the allegations contained in a complaint" this requirement is "inapplicable to legal conclusions."[10] Therefore, "in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable."[11]

## DISCUSSION

Plaintiff's Complaint fails to meet the Federal pleadings standards. While Plaintiff alleges that Coleman violated her Constitutional rights during a traffic stop, the allegations do not include a date, time, or location.[12] Plaintiff does not explain how her allegations implicate the 14th Amendment.[13] Coleman denies all of Plaintiff's allegations against him.[14]

The Federal pleading requirements have "greater bite in the context of a § 1983 claim against individual government actors, because they typically include complex claims against multiple defendants."[15] "[I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."[16] A complaint must give a defendant "fair notice of what the... claim is and the grounds upon which it rests," and it must "raise a right to relief above the

---

[9] *Kansas Penn,* 656 F.3d at 1214 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570)
[10] *Kansas Penn,* 656 F.3d at 1214.
[11] *Kansas Penn,* 656 F.3d at 1214.
[12] Dckt. 3, Complaint, filed 07/31/20.
[13] Dckt. 3, Complaint, filed 07/31/20.
[14] Dckt. 26, Coleman Answer, pgs. 2-3, filed 12/07/20.
[15] *Kansas Penn*, 656 F.3d at 1215 (citations and quotations omitted).
[16] *Kansas Penn*, 656 F.3d at 1215 (citations and quotations omitted).

speculative level...."[17] This Complaint does not provide sufficient details about the alleged traffic stop and therefore fails to provide Coleman with fair notice of the claims against him and must be dismissed.

## ORDER

IT IS HEREBY ORDERED that Defendant Darrin Coleman's Motion to Dismiss[18] is **GRANTED**. Plaintiff's claims against Darrin Coleman are **DISMISSED** without prejudice

Signed July 29, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[17] *Twombly*, 550 U.S. at 555 (quotations and citation omitted) (alteration in original).
[18] Dckt. 29, Coleman Motion to Dismiss, filed 02/08/21.